13426

REYNOLDS v. LIFE & CASUALTY INS. CO. OF TENNESSEE

(164 S. E., 602)

*Messrs. Haynsworth & Haynsworth,* for appellant,

*Mr. C. G. Wyche,* for respondent,

June 13, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought upon two policies of insurance issued by the defendant to one Freddie L. Thompson, in each of which the plaintiff, the mother of the insured, was named as beneficiary. The complaint contains two causes of action, separately stated—the first for the recovery of $1,-000.00 upon a policy dated July 21, 1930, and the second for the recovery of $872.00 upon a policy dated July 28,

1930. The insured died a few weeks after the policies were issued, as the result of an automobile collision in the City of Greenville.

The case was tried in the Court of Common Pleas for Greenville County, in September, 1930; Hon. John S. Wilson presiding. At the close of the testimony, counsel for defendant made a motion for a directed verdict in its favor as to the first cause of action, and for 60 cents and costs in plaintiff's favor as to the second cause. This motion was refused, and the jury found for the plaintiff for the entire amount sued for. From judgment entered on the verdict the defendant appeals, alleging error on the part of the trial Judge in refusing its motion for a directed verdict, in the admission of certain testimony, and in his charge to the jury.

The contract of insurance involved in the first cause of action contains the following provision: "This policy does not cover * * * loss sustained by the insured * * * while committing some act in violation of law." The contract involved in the second cause of action provides: "Within two years from date of issuance of this policy, the liability of the company under same shall be limited, under the following conditions, to the return of the premium paid thereon: * * * (2) If the insured shall die * * * as a result of acts committed by him while in the commission of * * * some act in violation of law." .

Section 21 of the traffic ordinance of the City of Greenville reads as follows: "No person without the authority of the owner or person in charge of any vehicle shall jump or climb upon the same, or sound any warning, or other signalling device or manipulate any of the levers or mechanism, or in any wise meddle or tamper with same. No person shall be allowed to ride upon the running board of any motor vehicle nor shall any car be loaded at any time so as to interfere with its control, or with other vehicles. No person shall

lounge or act in a disorderly manner in any car upon the streets of Greenville at any time."

The defendant's motion for a directed verdict was made, as to the first cause of action, upon the ground that at the time of the accident the insured was riding on the running board of a truck or automobile, in violation of the ordinance quoted, and that such risk was not covered by the policy; its motion as to the second cause of action, for a directed verdict for 60 cents and costs in favor of the plaintiff was based upon the quoted provision of the policy, which, the defendant contends, fixed the amount of its liability if the insured came to his death while in the commission of some act in violation of law.

The parties to the action do not agree as to the interpretation of the following provision of the ordinance: "No person shall be allowed to ride upon the running board of any motor vehicle." Appellant contends that a person who rides upon the running board of a car violates the ordinance, while respondent is equally as confident that the ordinance makes it an offense only for a driver of an automobile to allow any one to ride upon its running board.

Be that as it may, it is clear that the Court properly refused defendant's motion, for, even if it should be admitted that the insured was violating the ordinance at the time he was injured, this alone would not be sufficient ground for direction of a verdict. In order to defeat recovery under policies excluding or limiting liability where death or injury results from an unlawful act on the part of the insured, there must be shown, in addition to the violation of the law, some causative connection between such act and the death or injury. This is the general rule.

In *Insurance Co. v. Bennett*, 90 Tenn., 267, 16 S. W., 723, 725, 25 Am. St. Rep., 685, the Tennessee Court, construing a provision of this kind in an insurance policy, said: "In order to defeat a recovery because of such provision, there must appear a connecting link between the unlawful

act and the death. It is not sufficient that there was an unlawful act committed by the insured, and that death occurred during the time he was engaged in its commission. There must be some causative connection between the act which constituted a violation of the law and the death of the insured. * * * The provision of the policy excluding liability for injury received by the insured while committing an unlawful act refers to such injuries as may happen as the necessary or natural consequence of the act."

And so in *Bradley v. Insurance Co.*, 45 N. Y., 422, 6 Am. Rep., 115. "Whatever be the nature of the violation of law urged by the insurance company, as avoiding the policy, it seems to be clear that a relation must exist between the violation of law and the death, to make good the defense; that the death must have been caused by the violation of law to exempt the company from liability."

In the case at bar, under the evidence, it could not possibly be held as a matter of law that the proximate cause of insured's death was his riding upon the running board of the truck, or that his death was the necessary or natural consequence of his act; these questions were properly submitted to the jury.

The policy sued upon in the first cause of action also contained the provision that it insured the person named in the schedule against the result of bodily injuries received " * * * by the collision of or by any accident to any private * * * motor driven automobile in which insured is riding or driving." The appellant contends that under the testimony the insured at the time he was injured was riding, not in the truck, but on its running board; that the policy does not cover injuries so sustained; and that the defendant company was entitled to a directed verdict for that reason. In the recent case of *Bolt v. Insurance Company*, 156 S. C., 117, 152 S. E., 766, Mr. Justice Blease (now Chief Justice), discusses at some length the question here presented, and under the authority of that

decision the Court in the case at bar properly overruled defendant's motion for a directed verdict made on this ground.

In the preparation of proofs of loss after the death of the insured, the beneficiary was assisted by an agent of the defendant, one T. J. Sheppard, who went to her home and had her sign the papers before him. Over defendant's objection she was allowed to testify as follows: "Q. Now, what did he (agent) say about you getting the money when you filled out the blanks? A. He said I would get it without any trouble."

Hilton, a witness for the plaintiff, who was present at the time, was also allowed, over defendant's objection, to testify:

"Q. What did he (the agent) say? A. I asked him about it.

"Q. You asked him about it? A. Yes, sir.

"Q. What did he say? A. Said it was an accident death, said it would be paid within a week or ten days.

"Q. Be paid within a week or ten days? A. Yes, sir."

The appellant argues that the admission of this testimony was error; the contention being that the statement by the agent that the claim would be paid promptly was nothing more or less than an expression of his opinion and could not be regarded as waiver, as the plaintiff could not have relied thereon to her detriment.

Under the decisions of this Court, we think the testimony was admissible to show waiver. One of the grounds of defense was that at the time of the accident the insured was committing an act in violation of law, from which death resulted as a direct consequence, and that recovery could not be had for that reason; and the beneficiary, the mother of the insured, testified that she acted upon this statement of the agent, and incurred heavy expense in the burial of her son which she would not have incurred had not the statement been made. See 14 R. C. L., 1197; *Whaley v. Insurance Co.*, 124 S. C., 173, 117 S. E., 209; *Sanders*

*v. Insurance Co.,* 134 S. C., 435, 132 S. E., 828; *Rogers v. Insurance Co.,* 135 S. C., 89, 133 S. E., 215, 45 A. L. R., 1172.

The question presented by numerous exceptions as to the Court's charge with respect to proximate cause is thus stated by counsel for appellant: "Where an insurance policy excludes injuries received while committing some act in violation of law, is it necessary that such act be 'the proximate direct cause', or 'the prime direct cause', or the 'proximate cause and sole cause' of said injuries?"

The Court instructed the jury that, in order for the defendant to escape liability under the policy, it was required to show by the greater weight of the evidence that the insured was committing some act in violation of law, and that such act was the proximate cause of his death. The defendant, by several requests, asked the Court to charge the jury that, if the insured was injured while committing some act in violation of law, then the plaintiff would not be entitled to recover on the policy, for, under its express provisions, such injuries were not covered by it. The Court modified the requests by adding that recovery could not be had if the violation of the law was the proximate direct cause of the injury, or the prime direct cause, or the proximate cause and sole cause.

The appellant concedes it to be "unquestioned that there must be some causative connection between the insured's act and his death or injury," but contends that it is not necessary that the act be "the proximate cause and the sole cause," etc.

The weight of authority appears to be that, in order to defeat recovery, because of such provision in a policy of insurance, it must be shown that the unlawful act complained of was the direct proximate cause of the death.

In 4 Cooley's Briefs on Insurance, 3550, 3551, with regard to this question, the learned writer says: "Not only must there be a causative connection between the violation

of law and the death, but such connection must be direct, and not indirect; proximate or immediate, and not remote. Where different forces and conditions concur in producing a result, it is often difficult to determine which is properly to be considered the cause. * * * So the fact that the death of the insured is the consequence of some illegal act of his is not sufficient if it did not occur while engaged in such illegal act as the direct result thereof."

In the case at bar, we think the instructions of the trial Court, when considered as a whole, were substantially correct.

The appellant also complains, by a number of exceptions, of the Court's charge as to the law of waiver, and contends that in his general charge, as well as in his charge of plaintiff's requests and modifications of defendant's requests, he committed prejudicial error, for the reason that there was no issue of waiver made by the testimony.

If the evidence tending to show waiver was admissible, as we have held it was, then the Court properly charged the law with regard to waiver. We find no error as complained of.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Blease and Mr. Justice Carter concur.

Mr. Justice Bonham concurs in result.