13904

## McGEE v. GLOBE INDEMNITY CO.
### (175 S. E., 849)

*Messrs. Tobias & Turner,* for appellant,

*Messrs. Cooper & Maher,* for respondent,

September 28, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This action was brought in the County Court for Richland County on a policy of insurance issued to the plaintiff by the defendant, whereby the defendant agreed to indemnify the plaintiff against loss or damage to his automobile, occasioned by accidental means. In the trial, before Judge Whaley and a jury, plaintiff recovered judgment, and defendant appeals therefrom.

In answering the complaint, defendant sought to evade liability by alleging that the policy contained a provision that it should not apply "in respect of any automobile * * * (2) while used or maintained by any person in violation of law as to age or by any person under the age of sixteen (16) years," and that at the time the automobile was damaged, it was being operated by the son of the plaintiff, who was under 16 years of age.

Plaintiff filed a reply to this answer, in which it was alleged: (1) That the defendant had waived the provision of the policy set up in the answer; and (2) "that there

existed no causative connection between the age of the driver * * * and the collision referred to herein."

The defendant demurred to the reply, which was overruled by Judge Whaley, and the case was ordered to trial. The same questions raised by the demurrer were also raised during the trial by motion for a nonsuit, and motion for a new trial, and are raised before us by the exceptions.

The trial Judge did not cover the question of waiver in his general charge, and as to that question we agree with the attorneys for the appellant that it is not before us.

In considering the other question, it is admitted that the automobile, at the time of the collision, was being driven by the son of the plaintiff, who was 15 years of age.

The trial Judge based his ruling upon the question involved on the comparatively recent case of *Reynolds v. Life & Casualty Insurance Co.,* 166 S. C., 214, 164 S. E., 602. In that case, the action was based on a policy of life insurance which contained a provision that the company would not be liable "if the insured shall die * * * as a result of acts committed by him while in the commission of * * * some act in violation of law," and it appeared that at the time of the death of the insured he was violating an ordinance of the City of Greenville. In disposing of the contention of the company, that the quoted provision under the facts stated relieved it of liability, this Court held that: "In order to defeat recovery under policies excluding or limiting liability where death or injury results from an unlawful act on the part of the insured, there must be shown, in addition to the violation of the law, some causative connection between such act and the death or injury."

Appellant attempts to distinguish the two cases, contending that in the *Reynolds case* the Court was dealing with a provision limiting liability of the insurance company on account of some act of the insured, while in the present case

the provision of the policy relied upon to defeat the recovery, relates to a condition; and it urges that, while it is logical to hold that it is necessary to show some causative connection between the act or acts named in the limiting provision of a policy and the accident involved, a policy which limits liability under a certain condition or conditions absolutely excludes liability under the named condition or conditions, even though the condition or conditions have no causative connection with the accident and resulting damages claimed. Accordingly, the appellant argues that, in the *Reynolds case*, the insured was violating an ordinance of the City of Greenville at the time of the accident, which was an act excluded from coverage under the policy, and in the present case the driver of the automobile at the time of the accident was under 16 years of age, which was a condition excluded from coverage under the policy, and that the difference between the two is either the basis for liability or exclusion of liability.

In support of its position, appellant cites a large number of cases from other jurisdictions, but we do not understand that it is claimed that any of the cases cited makes such distinction between an excluded act and an excluded condition. Those cases only hold that a provision in a policy of insurance similar to the one in question is binding upon the parties, and the question as to whether or not the "condition" violated had any causative connection with the accident was not raised. Take, for instance, the case of *United States Fidelity & Guaranty Company v. Guenther*, 281 U. S., 34, 50 S. Ct., 165, 74 L. Ed., 683, 72 A. L. R., 1064, strongly relied upon by the appellant, and which it claims this Court is committed to the principle established in that case by its recent case of *Chapman v. Metropolitan Life Insurance Company*, 172 S. C., 250, 173 S. E., 801. An examination of that case shows that the real question presented to the United States Supreme Court was whether or not an age limit prescribed for the drivers of automobiles by an ordinance

of a town "fixed" an age limit within the meaning of the phrase, used in a similar provision of a policy, "age limit fixed by law."

The only case that has been called to our attention, which deals with the exact question before us, is the *Mississippi case* of *Hossley v. Union Indemnity Company,* 137 Miss., 537, 102 So., 561, cited in 72 A. L. R., 1072, note, which applies the principle of the *Reynolds case.*

We are of the opinion that the distinction advanced between the excluded act and condition is without any logical basis. In the case before us all of the evidence is not reported, and we are considering the question under the assumption that the age of the driver had nothing to do with bringing about the accident, and that the accident would have happened if the most careful and efficient driver of mature age had been operating the automobile at the time of the accident. The rule established by the *Reynolds case* is obviously founded upon the reasonable view that, when the parties made the contract of insurance, they were not inserting a mere arbitrary provision, but that it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded condition. And there is no more reason that the parties to the contract of insurance would arbitrarily exclude liability under a certain condition than they would arbitrarily exclude liability in the commission of a certain act. This case is controlled by the *Reynolds case.*

Our judgment is that the judgment below be affirmed.

MR. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur in result.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN (concurring in result):

I concur in the result. I do not think this case is governed by the *Reynolds case.* To hold that there must be a casual connection between the age of the driver and the accident amounts to a practical nullification of the age limit provided

in the policy. An accident is usually caused by one or more of those acts of negligence common to all drivers, irrespective of age, and it would be impossible for any Court to say that there was a causal connection between the age of the driver and the accident unless there was some condition existing similar to the lack of strength of a child driver to properly guide the car. Such acts as are forbidden by the statute, notably excessive speed, are common to all ages.

I readily agree that in case of law violations there must be a causal connection between the act committed which amounts to violation of law and the accident, as held in the *Reynolds case*. But even in the *Reynolds case* the Court did not hold that the deceased was, at the time of his death, violating an ordinance of the City of Greenville, as is stated in the leading opinion. This was a disputed question arising from the construction of the ordinance which the Court deemed it unnecessary to decide. The opinion in the *Reynolds case* says:

"The parties to the action do not agree as to the interpretation of the following provision of the ordinance: 'No person shall be allowed to ride upon the running board of any motor vehicle.' Appellant contends that a person who rides upon the running board of a car violates the ordinance, while respondent is equally as confident that the ordinance makes it an offense only for a driver of an automobile to allow any one to ride upon its running board.

"Be that as it may, it is clear that the Court properly refused defendant's motion, for, even if it should be admitted that the insured was violating the ordinance at the time he was injured, this alone would not be sufficient ground for direction of a verdict. In order to defeat recovery under policies excluding or limiting liability where death or injury results from an unlawful act on the part of the insured, there must be shown, in addition to the violation of the law, some causative connection between such act and the death or injury. This is the general rule."

It would seem to me the better reasoning would be that the deceased in the *Reynolds case* was not violating an ordinance at the time of his death. If this riding on the running board constituted a violation of the ordinance, then there was certainly a causative connection, in my opinion, between the act and his death, for the reason that he was killed when two trucks sideswiped on the side upon which he was riding and no one else was in the least hurt in the accident. His position on the running board was directly connected with his death.

I think the judgment of the lower Court should be affirmed upon the ground that the age limit of 16 years was intended to apply only in cases where there was no age limit fixed by law and upon the further ground based upon that provision of 'the policy found in Section 5 under the heading of "Additional Assured."

The authorities cited by the appellant are numerous and throw much light on the question here involved, but there appear distinguishing features in practically all of them. The words "in any event" are of common occurrence. For instance, in the case of *Phœnix Indemnity Co. v. Barrett* (Tenn.), 67 S. W. (2d), 135, 136, it is said: "While driven or manipulated * * * by any person in violation of law as to age, or under the age of fourteen years in any event."

Neither these nor similar words are used in the policy under consideration. It is a matter of common knowledge that the policies of the different insurance companies are closely examined by other companies in order that their best provisions may be borrowed. The use of the words "in any event" would have given the appellant the relief it now asks of this Court. We cannot supply those much desired words. The following expressions are deemed appropriate:

*Bitzer v. Southern Surety Co.,* 245 Ill. App., 295, cited in 72 A. L. R., 1092: "It would not be difficult for the insurer to use language which, in respect to the question here under

consideration, would be free from doubt. A policy of insurance should not be so framed as to be susceptible of one construction in the hands of the soliciting agent, and of quite a different one in the hands of the adjuster."

*Bolt v. Insurance Co.,* 156 S. C., 117, 152 S. E., 766, 767: "An examination of many of our decisions, too numerous to even refer to here, will disclose that our Court has made it the almost universal rule to construe any clause of an insurance policy against the insurer, when there existed the least doubt as to the meaning of the language employed."

The statute of this State, Section 1637 of the Code, fixes the age limit for drivers of automobiles at twelve years and the car driven by such driver was legally operated. This section was amended by the Act of March 24, 1933 (38 St. at Large, page 214), but the law prevailing at the time of the accident is governed by Section 1637. The provision of the policy as to "Additional Assured" provides that the policy shall apply under the same conditions as applicable to the named assured to any person legally operating the car with the permission of the named assured. It cannot be denied that, in so far as the age limit is concerned, the car was legally operated, nor is it disputed that the operation was with the consent of the named assured.

For the reasons herein stated, I think the judgment of the lower Court should be affirmed, and I therefore concur in the result of the leading opinion.

Mr. Justice Bonham concurs.