PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY COMPANY, Plaintiff,

v.

Tommie DRAKE, d/b/a Drake's Gin, Frank Drake, David George Forrester, Carolina Tank Corporation, a corporation and Hartford Accident and Indemnity Company, a corporation, Defendants.

C. A. No. 3094.

United States District Court
W. D. South Carolina,
Anderson Division.

June 1, 1962.

Fletcher C. Mann, Robert N. Daniel, Jr., Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff.

Wilburn C. Gable, Jr. (of Grisso & Gable), Anderson, S. C., for defendants, Tommie Drake and Frank Drake.

Robert S. Galloway, Jr., and Andrew B. Marion (of Haynsworth, Perry, Bryant, Marion & Johnstone), Greenville, S. C., for defendants Carolina Tank Corp., and Hartford Accident & Indemnity Co.

MARTIN, District Judge.

This is an action for declaratory judgment tried by the Court. Jurisdiction is based on diversity of citizenship. The action concerns a conflict of coverage between two insurance companies as to who is obligated to defend the defendants, Tommie Drake and Frank Drake, and pay any judgment recovered against them on account of an accident which occurred on September 4, 1960, when a tractor and trailer rig, being operated by Frank Drake, collided with an automobile being operated by David George Forrester and in which accident David George Forrester was injured and has brought an action against the defendants, Tommie Drake and Frank Drake. The tractor involved in the accident was owned by Tommie Drake and was insured by the plaintiff, Pennsylvania Threshermen & Farmers' Mutual Casualty Company, referred to herein as P. T. & F. The trailer hooked to the tractor involved was owned by the defendant, Carolina Tank, referred to herein as Carolina Tank, and was insured by the defendant, Hartford Accident and Indemnity Company, referred to herein as Hartford.

The facts are not in dispute. The plaintiff, P. T. & F., issued its policy No. AC 40–09 80A[1] on March 7, 1960, to Tommie Drake, d/b/a Drake's Gin, of Anderson, South Carolina, by which it insured a variety of vehicles including the 1952 White Tractor involved here.[2]

On or about September 3, 1960, while the P. T. & F. policy was in force, Tom-

[1]. The relevant portions of the policy are as follows: "I Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile. * * *"

"III Definition of Insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *"

"Exclusions—This policy does not apply: * * * (c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company. * * *"

[2]. Also described in the policy was an "Evans Trailer." The purpose of use of both vehicles was declared to be commercial in the policy.

mie Drake was contacted by T. J. Snyder, Manager of the defendant, Carolina Tank, relative to hauling a load of gasoline tanks to Savannah, Georgia. Drake and Snyder came to an agreement whereby Drake would furnish his White Tractor and a driver to Carolina Tank for the haul. Snyder agreed that Drake would be paid a specified amount per mile. Pursuant to the agreement, Tommie Drake arranged with Frank Drake to drive the rig. Frank Drake worked for Tommie Drake on occasions and was paid by Tommie for this particular haul. Tommie Drake agreed to furnish the gas and oil used during the haul and to cover any expenses incurred in securing a driver.

On September 3, 1960, Frank Drake drove the 1952 White Tractor from the place of business of Tommie Drake in Anderson, S. C., to the plant of Carolina Tank Corporation at Starr, S. C. He had been instructed by Tommie Drake to report to Carolina Tank and to deliver the load as directed by Carolina Tank. Upon arriving at the place of business of Carolina Tank, he was directed to a Cato trailer, owned by Carolina Tank, which was already loaded with gasoline tanks. Frank Drake hooked the Cato trailer to the tractor and was directed to deliver the load to the Phillips Petroleum Plant at Savannah, Georgia.

Frank delivered the load of tanks to the designated spot in Savannah, Georgia, and was proceeding back to Carolina Tank Corporation's place of business in order to return the trailer. While en route on the return trip he was involved in a collision with an automobile operated by James Miller. Before the vehicles could be disengaged, an automobile operated by the defendant George Forrester, collided with the tractor.

Tommie Drake notified the plaintiff of these collisions and notified the plaintiff that at the time of the collisions the tractor was towing a trailer owned by Carolina Tank. The plaintiff settled the claims resulting from the collision with the Miller automobile on or about September 30, 1960.

On October 5, 1961, David George Forrester filed a suit against Tommie Drake and Frank Drake on account of the collision involving his automobile. The attorneys for the plaintiff notified the Drakes that it was undertaking the defense of the action under a reservation of rights to deny coverage. Thereafter appropriate defensive pleadings on behalf of the Drakes were filed in the suit by Forrester.

The Cato trailer, which was hooked to the tractor at the time of the collisions, was insured by the defendant Hartford's policy No. 32C 682799, issued to the defendant Carolina Tank. The Hartford policy is entitled "Comprehensive Automobile Liability Policy" and provides coverage for a great number of automobiles, trailers, tractors and other equipment.[3]

---

3. The relevant portions of the Hartford policy as amended by an endorsement, dated September 1, 1960, are as follows:

"1. Coverage A—Bodily Injury Liability—Automobile: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and resulting from an occurrence. * * *"

"Coverage C—Property Damage Liability—Automobile: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, resulting from an occurrence and arising out of the ownership, maintenance or use of any automobile. * * *"

"3. Definition of Insured: The unqualified word 'Insured' includes the name insured and also includes * * * (2) Under coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement:

"(a) with respect to an automobile while used with any trailer owned or hired by the insured and not covered by like in-

The plaintiff P. T. & F. contends that (1) the policy issued by it does not cover the accident on the grounds that at the time of the accident a use was being made of the tractor which was expressly excluded from coverage by exclusion (c) of the policy; (2) that Frank Drake, the driver, was the agent of Carolina Tank and was insured under the Hartford policy; (3) that even if it is held that the exclusion does not apply because the trailer was not "owned or hired" by the defendant, Tommie Drake, the exclusion still applied because Carolina Tank became an insured under the policy of the plaintiff as to the tractor and therefore the tractor was, at the time of the accident, towing a trailer owned by the insured and not covered by like insurance in the company; (4) that if the question of coverage is resolved against the plaintiff, the defendant Hartford is also a primary insurer and there must be a pro-rata contribution as between the carriers.

Defendant Hartford contends, (1) that Frank Drake was not an agent of Carolina Tank and that Tommie Drake was an independent contractor; (2) that even if it is held that the tractor of Tommie Drake was a hired vehicle of Carolina Tank, the Hartford policy does not provide coverage under its terms for Tommie Drake or Frank Drake on the grounds that the policy does not provide coverage for the owner of a hired vehicle or his employee; (3) that the trailer was not "hired" by Tommie Drake and therefore the exclusion in the P. T. & F. policy is ineffective; (4) that if there is any insurance afforded by Hartford the same is excess in that there is valid and collectible insurance on the tractor.

The defendants Tommie Drake and Frank Drake contend that (1) the plaintiff has failed to prove that the exclusion applies; (2) that the plaintiff has waived the provision of the clause.

The defendant Carolina Tank contends that the complaint as to it should be dismissed on the grounds that it has no rights, duties, obligations or liabilities necessary for determination of this action.

■ The first question to be determined is whether the policy of the plaintiff provides coverage for the accident in question as to Frank Drake and Tommie Drake.

The P. T. & F. policy clearly provides coverage for Tommie Drake and Frank Drake as to the 1952 White Tractor since it is one of the vehicles described in the policy but plaintiff contends that at the time of the accident the tractor was towing a trailer hired by Tommie Drake and that exclusion (2) of the policy expressly excludes such use. This argument is not tenable.

In support of its argument on this point, the plaintiff relies on Stanley v. Reserve Insurance Company, 238 S.C. 533, 121 S.E.2d 10. In that case the plaintiff obtained a default judgment against an insured of the defendant, Reserve Insurance Company, and thereafter brought an action to recover the judgment. The defendant denied coverage on the grounds that a clause in the policy excluded coverage when the insured vehicle was used for towing a trailer not covered by like insurance in

surance in the company; or with respect to a trailer while used with any automobile owned or hired by the insured and not covered by like insurance in the company;

\*　\*　\*　\*　\*

"(b) with respect to any hired automobile, to the owner, or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee;"

"3. Definitions: \* \* \* (b) Automobile. Except where stated to the contrary, the word 'automobile' means a land motor vehicle or trailer as follows: (1) Owned Automobile—an automobile owned by the named insured; (2) Hired Automobile—an automobile used under contract in behalf of, or loaned to the named insured provided such automobile is not owned by or registered in the name of (a) the named insured or (b) an executive officer thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile; (3) Non-Owned Automobile—any other automobile."

the company. At the time the insured procured the policy from the defendant, there was no discussion relating to a trailer and the record on appeal is silent as to any knowledge by the agent of the use of a trailer with the truck. There was no request made for insurance on the trailer and no disclosure of information as to the type truck except that it was a two-ton truck.

The Court held that the exclusion was valid and that coverage was not afforded while the vehicle was used in towing the trailer. The Court said:

"The provision of the policy, excluding coverage when the vehicle insured is towing an uninsured trailer, is a limitation on the coverage afforded by the contract. It excludes coverage when the insured vehicle is towing a trailer not covered by like insurance in the company. The act of towing the trailer in question was not a violation of the policy provisions, but a use of the vehicle not covered by its terms. It is one of the risks excluded from the policy provisions. See Phoenix Indemnity Co. v. Conwell, 94 N.H. 146, 47 A.2d 827, 1 A.L.R.2d 819." Page 12 of 121 S.E.2d.

The Court, in commenting on the validity of the exclusion, said at page 11 of 121 S.E.2d:

"The foregoing provisions are not uncommon in policies of automobile liability insurance. They are generally held valid and enforceable because of the added hazard created by the towing of the trailer. * * * The added hazard of towing a trailer is one for which an additional premium is ordinarily charged."

The facts are different in the present case. The insurer here knew full well that the insured vehicle would be used to tow a trailer. It was described in the policy as a "1952 White Tractor." Such a vehicle is generally used solely for the purpose of towing a trailer. It is assumed that the premium paid by the insurer was commensurate with the added risk of towing a trailer. It cannot be said that the exclusion should be valid because a use was made of the tractor which increased the risk for which the plaintiff did not receive a premium.

The plaintiff in the Stanley case argued to the Court, "that in order to defeat recovery it must be shown that there was a causal connection between the operation of the trailer and the loss sustained." The Court, however, refused to pass on this question on the grounds that the contention was not passed on by the trial Court.

The respondent in the Stanley case was apparently grounding his causal argument on the rule laid down by Reynolds v. Life and Casualty Insurance Co., 166 S.C. 214, 164 S.E. 602 and subsequent cases, to the effect that in order for an insurer to defeat coverage by an excluded act, the insurer must show a causal connection between the act and the loss. In McGee v. Globe Indemnity Co., 173 S.C. 380, 175 S.E. 849, this rule was applied to automobile liability insurance. The policy under consideration in that case provided that the policy did not apply while the automobile was driven by any person under the age of sixteen years. The insurer denied coverage on the grounds that the accident occurred while the automobile was being driven by a person fifteen years old. The Court held that the Reynolds case controlled and held that the policy provided coverage. The same rule was applied in Bailey v. United States Fidelity & Guaranty Co., 185 S.C. 169, 193 S.E. 638, and approved in the recent case of Outlaw v. Calhoun Life Insurance Company, 238 S.C. 199, 119 S.E.2d 685. The reasoning behind the rule is that " * * * it was not the intention of the parties to the insurance contract that the exclusion provision should be a mere arbitrary one, 'but that it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded condition.' * * * " Bailey v. United States Fidelity & Guaranty Co., supra, 185 S.C. page 175, 193 S.E. page 641.

Applying this rule to the present case, it is evident that the plaintiff has failed

to prove a causal connection between the exclusion and the loss. The plaintiff cannot rely on the portion of the exclusionary clause which provides that the policy does not apply when the automobile is used for the towing of a trailer since such use of the vehicle was contemplated by the parties; it is only the portion which relates to owned or hired trailers not covered by like insurance in the company which could be given effect in any event. It is not the towing of trailers which this particular policy purports to exclude (in contrast with the particular policy in the Reserve case, supra) since towing of trailers was clearly in the contemplation of the parties to the contract, but only trailers owned or hired by the insured and not covered by like insurance in the company. There has been no causal connection shown in this case between the operation of the trailer involved and the loss.

■ There is still another reason why the plaintiff cannot prevail on this point. The clause excludes coverage only as to trailers " * * * owned or hired by the insured and not covered by like insurance in the company * * * " (emphasis added.) The plaintiff does not contend that the trailer was owned by either Tommie Drake or Frank Drake but argues that it was "hired" by Tommie Drake. The evidence does not bear out this contention. Tommie Drake agreed with Carolina Tank Corporation to furnish a tractor and driver to Carolina Tank for the purpose of transporting a trailer for a specified rate per mile.

In Hartford Accident and Indemnity Company v. Shaw (8th Cir.1959) 273 F. 2d 133 one Miller leased, by written agreement, a tractor to one Carson. While the vehicle was being driven by Shaw, with the permission of Miller, the owner, and while towing a tractor not owned by Miller, an accident occurred causing injuries to third persons. Declaratory judgment actions were brought to determine the liability of Hartford with respect to coverage. Hartford set up an exclusion identical to the one under consideration in this case. The

Court held that there was no evidence of any hiring and found that the exclusion was not applicable. The Court quoted the following passage from Pioneer Mutual Compensation Co. v. Cosby, 125 Colo. 468, 244 P.2d 1089, 1093; 273 F.2d at page 139:

" 'The policy issued by the plaintiff in error prohibited "towing of any trailer owned or hired by the named insured." Had the insurance company intended to exclude liability by the mere towing of any vehicle, it could easily have said it by omitting the words "owned or hired." Hiring implies a rental for compensation, and there is no evidence of hiring in this case.' "

■ The burden of proving that no liability exists by reason of a policy exclusion rests on the insurer. Hartford Accident and Indemnity Company v. Shaw, supra. The plaintiff has failed to prove that either Tommie Drake or Frank Drake hired the trailer.

■ Plaintiff contends that even if it is held that the trailer was not "hired" by Tommie Drake, the exclusion still applies since Carolina Tank became an additional insured under the omnibus clause of the P. T. & F. policy and, under such circumstances, both the trailer and the tractor were "owned" by the "insured" under the policy and there is no coverage by P. T. & F. This argument must be rejected. The policy says that coverage is excluded "while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; * * * " The wording implies that the tractor and trailer should be owned by a single insured. It could just as well be argued that the clause excludes coverage when the vehicle is not covered by like insurance in a company. The clause cannot be given any' such interpretation.

A somewhat similar argument was advanced in Hartford Accident Indemnity Company v. Shaw (8th Cir.1959), 273 F.2d 133. The Court said:

" * * * There is some dispute as to whether the word 'insured' in

the trailer exclusion refers only to the named insured or whether it includes any person insured by the omnibus clause. For the purposes of this case we will assume without so deciding that the broader interpretation of the word 'insured' is operative in the trailer exclusion. We find neither proof nor basis for the inference that either Miller or Shaw owned or hired the trailer. The trial court expressly so held. It is clear that coverage as to Miller and Shaw is not barred by the trailer exclusion." Page 139.

In that case, Hartford contended that the clause excluded coverage both as to the named insured and as to the omnibus insured. The Court held that Hartford failed to prove that the omnibus insured owned the trailer and therefore the exclusion failed. Hartford did not argue in the case, as P. T. & F. has in the present case, that ownership of the trailer by one insured and ownership of the tractor by another insured would effectuate the exclusion.

Automobile insurance policies may often insure several persons and exclusions may apply to one and not to another. Except as affected by the issue discussed here, the coverage of Carolina Tank by the P. T. & F. policy is not before the court and as viewed under the principles stated, it is not necessary to determine whether it is covered by the policy.

■ The next question is whether Tommie Drake or Frank Drake (or both) are omnibus insureds under the Hartford policy. Under the facts of this case, it is clear that the driver, Frank Drake was about the business of the Hartford Insured.

An analysis of the Hartford policy will show that the coverage is provided to any person using an owned trailer of the insured, Carolina Tank, with the permission of the insured. It is clear that Frank Drake clearly comes within coverage of the policy unless such coverage is excluded by clause III(d) of the policy.[4]

Clause (d) does not apply here since the trailer was not hired. This clause would be applicable if the question of whether or not Frank Drake was operating a hired tractor at the time of the accident, but determining this question is not necessary since coverage is afforded to the trailer.

■ The next question is whether coverage is afforded to Tommie Drake by the Hartford Policy. The policy provides:

" * * * (2) under coverages A and C, any person using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * * The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement: * * * (d) with respect to any hired automobile, to the owner, or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee; * * * "

Tommie Drake is an insured under Hartford's policy as to the trailer. See Hartford Accident and Indemnity Company v. Shaw (8th Cir.1959) 273 F.2d 133; United States Fidelity & Guaranty Co. v. Church (N.D.Cal.S.D.1952), 107 F.Supp. 683, affirmed Canadian Indemn. Co. v. U. S. Fidelity & Guaranty Co., 9 Cir., 213 F.2d 658; Travelers Insurance Co. v. General Casualty Co. (D. Idaho E.D. 1960) 187 F.Supp. 234.

■ The remaining question to be determined is the obligation each insurer owes to Tommie Drake and Frank Drake. P. T. & F. contends that both P. T. & F. and Hartford are primary insurers and as such, there must be a pro-rata contribution as between the two carriers.

4. It is to be noted that the Hartford policy contains a clause (XXX (a)) identical to exclusion (c) of the P. T. & F. policy, but Hartford does not contend that this clause excludes their coverage.

Hartford contends that its policy is excess coverage on the ground that P. T. & F. was the insurer of the owner, relying on American Surety Company of New York v. Canal Ins. Co. (4th Cir. 1958) 258 F.2d 934.

The P. T. & F. policy provides in condition 20:

"Other Insurance * * * If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss: provided, however, under Coverages A and B [Bodily injury liability and property damage liability] the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under insuring agreement V shall be excess insurance over any other valid and collectible insurance."

The Hartford policy provides in Condition 14:

"Other insurance: If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

A casual reading of American Surety Company of New York v. Canal Ins. Co., supra will show that it has no application to this case. In that case both the tractor and trailer were insured under the policies of two insurance companies, one of which was issued to the owner and one to the lessee. The Court recognized the rule that ordinarily the insurer of the owner is the primary insurer.

Here, the trailer is covered by one company and the tractor by another.

In American Fire and Casualty Company v. Allstate Insurance Co. (4th Cir. 1954) 214 F.2d 523, one Kramer owned a Chrysler automobile and a Jeep. The Chrysler was insured with Allstate and the Jeep with American Casualty. While driving the Chrysler with the Jeep in tow, a collision occurred between the Chrysler and an automobile being driven by a third person which resulted in injuries to both the driver of the third automobile and a passenger. Suit was instituted against Kramer by the injured parties and both insurers participated in the defense of the suit, but American Surety reserved the right to deny liability for any judgment recovered against Kramer on the ground that the Chrysler and not the Jeep was solely responsible for the accident. The injured parties recovered a judgment against Kramer. Thereafter Allstate settled the claims with the injured parties and called upon American Surety to pay its proportionate share. American Surety refused and this suit followed.

Both policies contained a pro-rata provision identical in substance, to those under consideration in this case.

The Court affirmed a judgment by the trial court whereby Allstate was held entitled to recover from American Fire and Casualty its proportionate liability as set out in its policy.

The same result must follow here. Both insurers are primary insurers and liable for any recovery which may be obtained against Tommie Drake or Frank Drake in the proportion established by each policy. In addition, each insurer shall share the cost of defense in the same proportion.

The defendant, Carolina Tank Corporation, was named as a party defendant to

this action, but it has no rights, obligations, liabilities, or duties under consideration here and therefore the complaint as to it is hereby dismissed, and

It is so ordered.