## 20498

SOUTH CAROLINA INSURANCE COMPANY, Appellant, v. Lois S. COLLINS, Co-Administratrix of the Estate of Metz W. Collins, and Evelyn C. Lee, Co-Administrartix of the Estate of Metz W. Collins, and Wesley B. Nesbitt, Respondents.

(237 S. E. (2d) 358)

*George C. Kosko,* of Columbia, *for Appellant,*

*John C. Thompson,* of Conway, *for Respondents, Collins and Lee, and James T. Kalyvas,* of Myrtle Beach, *for Respondent, Nesbitt,*

August 29, 1977.

RHODES, Justice:

This appeal presents the question of whether, in order to avoid liability under an aircraft insurance policy, the insurer is required to demonstrate a causal connection between the crash of the aircraft and the insured pilot's failure to have a valid and effective medical certificate as provided by the terms of the policy. For the reasons set forth herein, we affirm the relief granted by the special circuit judge and hold that such causal connection must be shown.

The plaintiff-appellant, South Carolina Insurance Company (hereinafter appellant), issued to Metz W. Collins, the named insured, its aircraft liability insurance policy, number AC-801297, effective for the period April 27, 1975 to April 27, 1976. The contract of insurance covered a Piper Colt aircraft, Federal Aviation Agency registration number N5723Z, owned by Collins. On May 23, 1975, Collins, while piloting the airplane described in the policy, crashed, resulting in Collins' death and injuries to one Wesley B. Nesbitt, a passenger in the airplane. Subsequently, Lois S. Collins and Evelyn C. Lee were appointed administratrices of the estate of the deceased, Metz W. Collins, and Nesbitt commenced an action against the estate seeking damages for

injuries he sustained in the crash. Nesbitt's action is pending in the Court of Common Pleas of Horry County.

The appellant refused the demand of the administratrices to defend the insured's estate against the lawsuit instituted by Nesbitt and subsequently commenced this action for declaratory judgment pursuant to S. C. Code § 15-53-10 (1976) *et seq.* The appellant sought an order declaring that the policy issued to the insured was not in effect during the flight of May 23, 1975, and that it did not afford the estate of the deceased any coverage. Named as defendants in the appellant's action were both administratrices and the injured passenger, Nesbitt. (All defendants are hereafter referred to as "respondents").

The respondents answered and sought affimative relief, demanding that the appellant's complaint be dismissed and seeking an order declaring that the aforesaid policy was in full force and effect at the time of the crash. The trial judge, after hearing arguments and considering briefs, issued an order which granted the relief prayed for by the respondents.

In the trial judge's order it is stated that the parties, through responses to requests for admissions and stipulations made before him, agreed that the following facts are not in dispute: The Federal Aviation Regulations promulgated by the Federal Aviation Agency require a medical examination of pilots under the supervision of the Federal Air Surgeon or his authorized representative. The insured held a third-class medical certificate which was valid for a twenty-four (24) month period.[1] The last medical certificate issued to the insured was in February, 1973, and it expired on the last day of February, 1975, or nearly three (3) months before the date of the crash. The Federal Aviation Regulations also require the insured to obtain and to have in his possession a valid and effective pilot certificate.[2] The insured had his last required flight review on November 3, 1974, or a

---

[1] *See* 14 C.F.R. § 61.3(c) and § 61.23(c) (1976).
[2] *See* 14 C.F.R. § 61.3(a) (1976).

period of six (6) months and twenty (20) days before the date of the accident. It was stipulated by the parties that at the time of the accident the insured possessed a valid and effective pilot certificate but that he did not have a valid and effective medical certificate. Moreover, for the purposes of this declaratory judgment action only, it was stipulated that the insured, to the best of the parties' knowledge, had no physical or mental defects at the time of or immediately prior to the accident and that there was no causal connection between the accident and the failure of the insured to have a valid and effective medical certificate. The above statement by the trial judge of the undisputed or stipulated facts has not been challenged on this appeal. [3]

The appellant argues vigorously that the failure of the insured to have a valid and effective medical certificate on the date of the accident amounted to a breach of a condition subsequent or promissory warranty under the terms of the policy, thereby suspending coverage and permitting the appellant to avoid liability. The appellant contends that the trial judge's classification of the pertinent policy provisions as being merely an "exclusion" of the insured's liability was erroneous. Additionally, the appellant maintains that the case law does not support the court's holding that the insurer, in order to avoid liability on a policy such as that involved here, must show that there exists a causal connection between the resulting loss and the insured's failure to have the required effective medical certificate.

The appellant relies upon the following provisions of the policy as supportive of its contention that the policy stated

[3] With respect to the stipulation that the insured possessed a valid and effective pilot certificate on the date of the crash, we note that throughout the appellant's brief it is argued that Metz W. Collins held neither the required medical certificate nor the necessary current pilot certificate. However, nothing in the record appears to contradict the trial judge's statement concerning the parties' stipulations. Furthermore, the appellant has not, on this appeal, specifically excepted to the trial judge's finding that there was agreement by the parties that Collins' pilot certificate was current. We confine our decision, therefore, in this case only to the effect of the insured's failure to have a valid medical certificate on the date of the accident.

a condition subsequent or promissory warranty which the insured breached:

" EXCLUSIONS

This Policy does not apply:

.  .  .  .  .

2. to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations;

.  .  .  .  .

4. to any Insured:

(a) who operates or permits the aircraft to be operated in any manner which requires a special permit or waiver from the Federal Aviation Administration, whether granted or not, unless this Policy is specifically endorsed to include such operation;

.  .  .  .  .

DECLARATIONS

.  .  .  .  .

7. PILOT CLAUSE. Only the following pilot or pilots holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight:

METZ W. COLLINS.

.  .  .  .  .

CONDITIONS

.  .  .  .  .

25. Declarations. By acceptance of this Policy the Named Insured agrees that the statements in the Declarations are his agreements and representations, that this Policy is issued in reliance upon the truth of such representations, and that this Policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance."

The appellant maintains that the above-quoted provisions, when viewed together, established a condition with which the insured was bound to comply. [4]

While provisions of aircraft liability insurance policies similar to the provisions quoted above have been passed upon in other jurisdictions, we have not found any case in this state which has dealt with such a policy. However, a line of South Carolina cases involving contracts of automobile liability and life insurance are, in our judgment, dispositive of the issues raised on this appeal.

The first in this series of cases was decided by this Court in 1932. In *Reynolds v. Life & Casualty Ins. Co. of Tennessee,* 166 S. C. 214, 164 S. E. 602, the mother of the insured brought suit in her capacity as beneficiary under two (2) policies of life insurance issued by the defendant company to her son. The contract of insurance involved in the first cause of action contained the following provision: "This policy does not cover . . . loss sustained by the insured . . . while committing some act in violation of law." The contract involved in the second cause of action provided that "[w]ithin two years from date of issuance of this policy, the liability of the company under same shall be limited, under the following conditions, to the return of the premium paid thereon: . . . (2) If the insured shall die . . . as a result of acts committed by him while in the commission of . . . some act in violation of law."

During the effective period of these contracts of insurance, an ordinance of the City of Greenville, the place of residence of the insured, provided that "[n]o person shall be allowed to ride upon the running board of any motor vehicle . . . ."

---

[4] Item 4(a) under the "EXCLUSIONS", above, relates to the contention that the insured, to operate his aircraft validly without the required medical certificate, must obtain a special permit or waiver from the Federal Aviation Agency. Even in the event that such a special permit or waiver were acquired, the insurer would still have to endorse the policy to include such manner of operation. The appellant points out that Collins did not obtain a special permit or waiver and that, of course, there was no such specific endorsement in the policy.

The defendant company moved for a directed verdict at the close of the testimony in the trial of the case upon the ground that at the time of the accident, in which fatal injuries were sustained, the insured was riding on the running board of a truck in violation of the ordinance. The trial judge overruled the defendant's motion and the jury found for the plaintiff in the entire policy amounts sued for. The defendant appealed from the denial of its motion and also from the court's charge to the jury that the insurer must establish a causal connection between the insured's loss or death and his violation of the ordinance.

In *Reynolds,* this Court stated that under the evidence and the particular facts adduced at the trial, it could not be held as a matter of law, as defendant contended, that the insured's death was proximately caused by his riding upon the running board of the truck or that his death was the necessary or natural consequence of his act. The Court ruled that these questions had been properly submitted to the jury for determination.

In discussing the issue of causal connection, The Court stated the following:

[I]t is clear that the court properly refused defendant's motion, for, even if it should be admitted that the insured was violating the ordinance at the time he was injured, this alone would not be sufficient ground for direction of a verdict. In order to defeat recovery under policies excluding or limiting liability where death or injury results from an unlawful act on the part of the insured, there must be shown, in addition to the violation of the law, some causative connection between such act and the death or injury. . . .

In *Insurance Co. v. Bennett,* 90 Tenn. [256], 267, 16 S. W. 723, 725, 25 Am. St. Rep. 685, the Tennessee court, construing a provision of this kind in an insurance policy, said: "In order to defeat a recovery because of such provision, there must appear a connecting link between the unlawful act and the death. It is not sufficient that there was

an unlawful act committed by the insured, and that death occurred during the time he was engaged in its commission. There must be some causative connection between the act which constituted a violation of the law and the death of the insured. . . . The provision of the policy excluding liability for injury received by the insured while committing an unlawful act refers to such injuries as may happen as the necessary or natural consequence of the act." *Reynolds, supra,* 166 S. C. at 217, 218, 164 S. E. at 603.

Approximately two years after the decision in *Reynolds* this Court again had occasion to rule with respect to the necessity on the part of an insurer to show causal connection. In the case of *McGee v. Globe Indemnity Co.,* 173 S. C. 380, 175 S. E. 849 (1934), the insured instituted an action on a policy of insurance whereby the insurer had agreed to indemnify the plaintiff against loss or damage to his automobile occasioned by accidental means. The insurer sought to escape liability by alleging that the policy contained a provision that it should not apply "in respect of any automobile . . . (2) while used or maintained by any person in violation of law as to age or by any person under the age of sixteen (16) years." The undisputed facts showed that at the time the automobile was damaged it was being operated by the insured's son who was under 16 years of age. In overruling a demurrer to the insured's reply which alleged that there existed no causal connection between the age of the driver and the collision, the trial judge relied upon *Reynolds v. Life & Casualty Ins. Co. of Tennessee, supra.*

On appeal, the insurer attempted to distinguish the *Reynolds* case from the *McGee* case, contending that in *Reynolds* the court was dealing with a provision limiting liability of the insurance company on account of some act of the insured (in other words, an exclusion), while in *McGee* the provision of the policy relied upon to defeat recovery related to a condition. The appellant urged that while it was logical to hold that it is necessary to show some causative connec-

tion between the act or acts named in the limiting provision of a policy and the accident involved, a policy which limits liability under a certain condition *absolutely excludes* liability under the named condition, even though the condition might have no causative connection with the accident and resulting loss.

In rejecting this theory advanced by the insurer, this Court held:

We are of the opinion that the distinction advanced between the excluded act and condition is without any logical basis. . . . The rule established by the *Reynolds* Case is obviously founded upon the reasonable view that, *when the parties made the contract of insurance, they were not inserting a mere arbitrary provision, but that it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded condition.* And there is no more reason that the parties to the contract of insurance would arbitrarily exclude liability under a certain condition than they would arbitrarily exclude liability in the commission of a certain act. This case is controlled by the *Reynolds* Case. *McGee, supra,* 173 S. C. at 384, 175 S. E. at 850. (emphasis added)

Subsequent decisions of this Court in the *Reynolds-McGee* line affirm the requirement on the part of the insurer to show casual connection. *Bailey v. United States Fidelity & Guaranty Co.,* 185 S. C. 169, 193 S. E. 638 (1937); *Smith v. Sovereign Camp, W. O. W.,* 204 S. C. 193, 28 S. E. (2d) 808 (1944); *Young v. Life & Casualty Ins. Co. of Tennessee,* 204 S. C. 386, 29 S. E. (2d) 482 (1944); *Outlaw v. Calhoun Life Ins. Co.,* 238 S. C. 199, 119 S. E. (2d) 685 (1961).

The appellant cites cases from other jurisdictions holding that under circumstances virtually identical, or closely related, to those in the instant case, the insurer need not show a causal connection between damages and injuries sustained

in the crash of the aircraft and the insured's failure to comply with certain terms of the policy. These decisions hold essentially that the purpose of the exclusionary language of such policies is not that the risk is excluded if damage to the aircraft is *caused* by the failure of the pilot to be properly certificated, but that the risk is excluded absolutely if loss *occurs while* the aircraft is being flown by a pilot not properly certificated. *See Grigsby v. Houston Fire & Casualty Ins. Co.*, 113 Ga. App. 572, 148 S. E. (2d) 925 (1966); *Glades Flying Club v. Americas Aviation & Marine Ins. Co.*, 235 So. (2d) 18 (Fla. App. 1970); *Baker v. Insurance Company of North America*, 10 N. C. App. 605, 179 S. E. (2d) 892 (1971); *Aetna Casualty and Surety Co. v. Urner*, 264 Md. 660, 287 A. (2d) 764 (1972); *Omaha Sky Divers Parachute Club, Inc. v. Ranger Insurance Co.*, 189 Neb. 610, 204 N. W. (2d) 162 (1973); *Bruce v. Lumbermens Mutual Casualty Co.*, 222 F. (2d) 642 (4th Cir. 1955); *Roberts v. Underwriters at Lloyds London*, 195 F. Supp. 168 (S. D. Idaho 1961); *National Insurance Underwriters, Inc. v. Bequette*, 280 F. Supp. 842 (D. Alaska 1968); *Arnold v. Globe Indemnity Co.*, 416 F. (2d) 119 (6th Cir. 1969).

In some of these cited cases the courts have referred to the certification provisions sometimes as "conditions" and, at other times, as "exclusions". However, the language quoted above from the *McGee* case resolves adversely to the appellant its contention that the trial judge in the instant case erred in characterizing the policy provisions as an exclusion rather than a condition subsequent or a promissory warranty. While there is a recognized distinction among these various terms, such a difference is immaterial in this case. We rely upon *McGee* in so holding.

After examination of the decisions cited by the appellant, we find them unpersuasive. Only their number, not their reasoning, lends support to a reversal here. We find that the reasoning used in the *Reynolds-McGee* line of cases no less compelling when applied to an aircraft liability policy.

In view of the stipulation by the parties that there was no causal connection between the loss and injuries resulting from the crash and the failure of the insured to have a valid and effective medical certificate at the time of the accident, we hold that the lower court acted correctly in awarding the relief sought by the respondents.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.