22943

GARDNER TRUCKING COMPANY, INC., Appellant v. SOUTH CAROLINA INSURANCE GUARANTY ASSOCIATION, Respondent.

(376 S. E. (2d) 260)

Supreme Court

*Brian L. Boger* and *Ronald S. Corning*, Columbia, *for appellant.*

*Ronald M. Childress*, Columbia, *for respondent.*

Heard Dec. 9, 1988.

Decided Jan. 23, 1989.

TOAL, Justice:

Appellant, Gardner Trucking Company, ("Gardner") brought this action against the South Carolina Guaranty Association ("Guaranty Association") to recover insurance proceeds for damage to his Piper Comanche airplane. The Guaranty Association denied coverage on the basis of policy exclusions: (1) that the aircraft was converted while in possession of any person under a bailment; (2) that the FAA had not issued an airworthiness certificate; (3) that Gardner entrusted the airplane to a pilot who lacked the required hours and experience on the particular plane. The Honorable Frank P. McGowan granted summary judgment in favor of the Guaranty Association. We affirm the decision of Judge McGowan.

## BACKGROUND

Mr. Gardner, a Walterboro resident, left his Comanche plane in Portland, Indiana in 1981. Due to medical problems suffered by Mr. Gardner, the plane remained in Portland until late 1983 or early 1984. In late 1983, Mr. Altrip, a truck driver for Mr. Gardner's company, drove a truck to Indiana intending to fly Gardner's plane back to South Carolina. When Altrip experienced mechanical problems with the plane, he landed it in Fort Wayne, Indiana. Altrip then returned to South Carolina without the plane.

Approximately one month later, in February of 1984, Altrip again tried to fly the plane back to South Carolina. He eventually returned the plane to South Carolina. When he returned to South Carolina, he reported to Gardner's office that he had arrived safely. Once in South Carolina, Mr. Altrip continued to fly the plane. He claimed that Gardner told him that if Altrip retrieved the plane, he could fly it as much as he wanted as long as he agreed to pilot the plane anytime Gardner wanted to fly.

On February 26, 1984, Altrip flew the plane out of the Walterboro Airport. When attempting to land, the plane's landing gear malfunctioned. Altrip landed the plane without any landing gear. Consequently, the underside of the plane was severely damaged. Several days after the crash,

Gardner reported the plane as stolen to the Sheriff's Department.

It is undisputed that Altrip only had thirty hours experience in retractable gear aircraft and ten hours experience in the Comanche model. It is also undisputed that the airplane did not have an airworthiness certificate.

Gardner filed a claim with the Guaranty Association to collect the insurance proceeds for the damage to the plane. The Guaranty Association denied coverage, pointing to the following exclusions contained in its policy:

"This policy does not apply

\* \* \* \* \* \*

(2) to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations.[1]

\* \* \* \* \* \*

(4) to any Insured:

(b) Who operates or permits the operation of the aircraft, while in flight, unless its airworthiness certificate is in full force and effect.

\* \* \* \* \* \*

(7) to loss due to conversion, embezzlement or secretion by any person in possession of the aircraft under a bailment, lease, conditional sale, purchase agreement, mortgage or other encumbrance."

The trial judge granted summary judgment on the basis of all of the above enumerated policy exclusions.

On appeal, Gardner only took issue with the trial judge's decision that the insurance provision which excludes coverage when an item was converted while under a bailment

---

[1] Item 7 of the Declarations provides that "any pilot having a private pilot certificate and having a minimum of 500 total logged flying hours of which not less than 150 hours shall be in retractable gear aircraft including at least 25 hours in the same make and model aircraft insured by this policy."

applied to the present case. Gardner conceded that he abandoned his exceptions with respect to the other two insurance exclusions. Since Gardner has abandoned his exceptions as to two of the exclusions, and because each insurance provision may independently exclude coverage, we must only consider whether either one of the abandoned exclusions is causally connected to the loss.

In *South Carolina Ins. Co. v. Collins*, 269 S. C. 282, 237 S. E. (2d) 358 (1977), this court considered whether, in order to avoid liability under an aircraft insurance policy, the insurer was required to demonstrate a causal connection between the crash of the aircraft and the insured pilot's failure to have a valid and effective medical certificate as provided by the terms of the policy. We held that a causal connection between an airplane crash and the failure of an insured pilot to have a valid and effective medical certificate as required by the policy must be shown for the insurance company to deny coverage. 237 S. E. (2d) 362. Because the parties in *South Carolina Ins. Co. v. Collins* stipulated that there was no causal connection between the accident and the medical certificate, we ruled in favor of the insured.

■ In the case at bar, the parties did not stipulate that there was no causal connection between the crash and the exclusions. Additionally, it is undisputed that Altrip's flight violated both insurance exclusions. Altrip only had thirty hours experience in retractable gear aircraft and ten hours experience in the Comanche model. The policy provided that the pilot must have 150 hours in retractable gear aircraft and twenty-five hours in the Comanche model. Because Gardner does not dispute that Altrip's lack of experience was causally connected to the crash, we find that the judge properly granted summary judgment for the Guaranty Association.

■ Likewise, it is undisputed that the airplane did not have an airworthiness certificate. The policy specifically excludes coverage unless an airworthiness certificate is in full effect. Gardner fails to dispute the causal connection between the crash and the airworthiness certificate.

Concluding that the policy exclusions not argued by Gardner are causally connected to the crash, and further

finding no material issue of fact, we affirm the trial court's summary judgment award in favor of the Guaranty Association.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.