Partial rehearing granted by order filed 4/1/96 to
consider attorney's fees.  Rehearing denied 5/1/96.

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARSHALL JENKINS,
Plaintiff-Appellee,

v.

MONTGOMERY INDUSTRIES,
INCORPORATED; CAROLINA BENEFIT
ADMINISTRATORS, INCORPORATED,
Defendants-Appellants.

No. 95-1095

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-93-3026-2-18)

Argued: December 4, 1995

Decided: March 5, 1996

Before MURNAGHAN and MICHAEL, Circuit Judges, and
MICHAEL, Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Murnaghan wrote the opinion,
in which Judge Michael and Senior Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Howard Michael Bowers, YOUNG, CLEMENT, RIV-
ERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellants.
George John Morris, Charleston, South Carolina, for Appellee. **ON**

**BRIEF:** Stephen P. Groves, Sr., Amy R. Jordan, YOUNG, CLEM-ENT, RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellants.

_____

## OPINION

MURNAGHAN, Circuit Judge:

Marshall Jenkins, as an employee at a South Carolina warehouse owned by Montgomery Industries, Inc., was covered by the compa-ny's employee benefit and health care plan,[1] which was subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Under the Plan, a claim related to medical treat-ment for any loss sustained while the claimant was intoxicated is excluded from coverage. Jenkins sought coverage for treatment of a gunshot wound, but benefits were denied pursuant to that exclusion. The district court ruled that the employer should have paid the claim. On appeal, Montgomery Industries has challenged the district court's application of a rule of South Carolina law requiring that the insurer prove a causal connection between the insured's intoxication and his injury. Because we agree with the district court's analysis, we affirm.

I.

Jenkins, with drink taken, became engaged early one morning in an altercation with Charles Holloway, a family friend. During the inci-dent, the two men hit or kicked each other. When Jenkins walked home, Holloway followed for part of the way and yelled for him to return. After Jenkins reached his house, he remained outside to smoke a cigarette. When he saw Holloway drive up with a rifle or shotgun, he went inside, locking the door behind him but neglecting to remove the key from the lock. Over Jenkins's verbal and physical opposition,

_____

[1] Jenkins was covered by the Montgomery Industries, Inc. Employee Benefit/Health Care Plan ("the Plan"), which the parties agree is gov-erned by ERISA. The Plan lists Montgomery Industries, Inc., as Plan Administrator and Carolina Benefit Administrators, Inc., as Claims Administrator. Both are named as Defendants-Appellants.

2

Holloway forced his way inside the house and aimed his weapon at Jenkins's face. Jenkins placed his right hand over the gun's barrel in an attempt to push it away. Holloway pulled the trigger and shot Jenkins in the hand. Medical treatment for Jenkins's injuries cost at least $38,140.50.

Jenkins's employer denied his claim for benefits, relying on the Plan's intoxication exclusion, which reads:

> Section 5.09 - Exclusions and Limitations
>
> Except as specifically provided in the attachment to the Plan, the following services, supplies, and benefits, or the cost thereof, are limited (as noted) or excluded from coverage under the Plan:

. . .

> (www) Charges for or related to treatment for any loss sustained or contracted while a person is intoxicated (as defined by state law), under the influence of intoxicants or any narcotic unless administered on the advise of a physician in the course of treatment for a covered expense.

Following the denial, Jenkins sued Montgomery Industries and its claims administrator in South Carolina state court. On removal to United States District Court for the District of South Carolina, the claim proceeded to a bench trial on a stipulated record. The district judge rejected Montgomery Industries' position that the Plan's intoxication exclusion operates to preclude recovery "anytime and anywhere a person is intoxicated." Instead, the district judge read the exclusion to require some causal connection between the intoxication and the injury. Finding none, the district court entered judgment in Jenkins's favor for damages of $38,140.50, costs of $187.57 and attorneys' fees of $9,117.00.

II.

A.

Because Montgomery Industries has discretionary authority as Plan Administrator to interpret Plan provisions and determine eligibility for benefits, we ordinarily would review its interpretation of the Plan and denial of benefits for an abuse of discretion. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Glocker v. W.R. Grace & Co., 974 F.2d 540, 543 (4th Cir. 1992). However, because Montgomery Industries is also the Named Fiduciary of the Plan with a financial interest in the outcome of its interpretation, we review its decision under a less deferential standard.[2] Bailey v. Blue Cross & Blue Shield of Virginia, 67 F.3d 53, 57 (4th Cir. 1995); see also Bruch, 389 U.S. at 115 ("Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion.").

B.

A basic rule of insurance law provides that the insured must prove that a covered loss has occurred, while the insurer carries the burden of demonstrating that a loss falls within an exclusionary clause of the policy. McGee v. Equicor-Equitable HCA Corp., 953 F.2d 1192, 1205 (10th Cir. 1992); M.H. Lipiner & Son, Inc. v. Hanover Ins. Co., 869 F.2d 685, 687 (2nd Cir. 1989). Those general principles apply in

_____

[2] As we explained in Doe v. Group Hospitalization & Medical Services, 3 F.3d 80, 87 (4th Cir. 1993):

> [W]hen a fiduciary exercises discretion in interpreting a disputed term of the contract where one interpretation will further the financial interests of the fiduciary, we will not act as deferentially as would otherwise be appropriate. Rather, we will review the merits of the interpretation to determine whether it is consistent with an exercise of discretion by a fiduciary acting free of the interests that conflict with those of the beneficiaries. In short, the fiduciary decision will be entitled to some deference, but this deference will be lessened to the degree necessary to neutralize any untoward influence resulting from the conflict.

South Carolina. <u>Outlaw v. Calhoun Life Ins. Co.</u> , 119 S.E.2d 685, 690 (S.C. 1961). South Carolina courts allow a policy exclusion provision to relieve an insurer of liability only where the insurer demonstrates a causal connection between the exclusion and the loss claimed. <u>Gardner Trucking v. South Carolina Ins. Guar. Ass'n</u> , 376 S.E.2d 260, 262 (S.C. 1989); <u>McGee v. Globe Indemnity Co.</u>, 175 S.E. 849, 850 (S.C. 1934); <u>Reynolds v. Life & Casualty Ins. Co. of Tennessee</u>, 164 S.E. 602, 603 (S.C. 1932). For a legitimate denial of coverage pursuant to an intoxication exclusion, South Carolina law requires that an employer establish a causative connection between the injuries suffered and the intoxication claimed. <u>South Carolina Ins. Guar. Ass'n v. Broach</u>, 353 S.E.2d 450, 451 (S.C. 1987); <u>Outlaw</u>, 119 S.E.2d at 690.

The district court did not err in reading this well-established rule into the Plan. Federal courts interpret ERISA regulated benefit plans without deferring to either party's interpretation, <u>Bruch</u>, 389 U.S. at 112, by "using ordinary principles of contract law [and] enforcing the plan's plain language in its ordinary sense," <u>Bailey</u>, 67 F.3d at 57. Where there is ambiguity in the plan, courts "construe it against the drafter, and in accordance with the reasonable expectations of the insured." <u>Bailey</u>, 67 F.3d at 57 (citations omitted). In addition, Montgomery Industries' plan itself calls for construction of its provisions "according to the laws of the State of South Carolina" in Section 9.07. The insurance rule requiring causation to be shown for intoxication to have exclusionary effect is so well entrenched in South Carolina law that an employee easily and reasonably could expect it to be included in the terms of any benefit plan that fails specifically to exclude it. <u>See Broach</u>, 353 S.E.2d at 451 (listing cases applying the rule); <u>Reynolds</u>, 164 S.E. at 603. Thus, Montgomery Industries' reading of the intoxication exclusion to omit this generally accepted principle[3] despite its own failure expressly to eliminate it is not supportable.

_____

[3] Montgomery Industries' argument that the rule is not accepted in all states carries little weight. South Carolina courts have applied the requirement since at least 1932. <u>See Reynolds v. Life & Casualty Ins. Co. Of Tennessee</u>, 164 S.E. 602, 603 (S.C. 1932).

5

Here, the employer proved no causative link justifying a denial of coverage. The district judge did not clearly err in finding that, while Jenkins may have been intoxicated, his injuries were due to "an independent act of a third party."

C.

Like the district court, we find no merit in Montgomery Industries' contention that ERISA preempts application of South Carolina law in this case. With ERISA, Congress created a federal statutory scheme to govern employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987). Congress intended courts to fill in the statute's gaps by developing a "federal common law of rights and obligations under ERISA-regulated plans." Bruch, 489 U.S. at 110 (quoting Dedeaux, 481 U.S. at 56); Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 562 (4th Cir. 1994). In carrying out this duty, federal courts should fashion federal common law only when "necessary to effectuate the purposes of ERISA," Singer v. Black & Decker Corp., 964 F.2d 1449, 1452 (4th Cir. 1992) (citations omitted), or because the Act fails to address a certain issue, Thomason v. Aetna Life Ins. Co., 9 F.3d 645, 647 (7th Cir. 1993). To this end, federal courts may adopt and apply state law, but only if compatible with national policies underlying the statute. Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1451 (5th Cir. 1995); Adams, 30 F.3d at 564; Heasley v. Belden & Blake Corp., 2 F.3d 1249, 1257 n.8, 1258 (3rd Cir. 1993).

ERISA contains broad provisions precluding state law, but that "does not mean that all common law concepts are automatically inapplicable in the ERISA context."[4] Adams, 30 F.3d at 563 (quoting

_____

[4] ERISA contains an expansive and complicated preemption scheme designed to "establish pension plan regulation as exclusively a federal concern." See Pilot Life Ins. Co. v. Dedeaux , 481 U.S. 41, 46 (1987) (citation omitted); see also Phoenix Mut. Life Ins. v. Adams, 30 F.3d 554, 558-59 (4th Cir. 1994). ERISA's provisions preempt all state laws that "relate to" any employee benefit plan. 29 U.S.C. § 1144(a). However, state laws that regulate insurance survive preemption, 29 U.S.C. § 1144(b)(2)(A), and some common law concepts may be applicable as well, Thomason v. Aetna Life Ins. Co., 9 F.3d 645, 647 (7th Cir. 1993). Federal courts may adopt a state law rule as a matter of federal common law without regard for whether it falls within the "insurance savings clause" as long as it is consistent with the purposes of ERISA. Heasley v. Belden & Blake Corp., 2 F.3d 1249, 1258 (3rd Cir. 1993).

6

Thomason, 9 F.3d at 647). Indeed, courts considering ERISA-regulated plans often apply general principles of contract law, insurance law or trust law that do not conflict with the Congressional purpose of enacting ERISA.**5** While state law concepts should not be used to interpret a plan beyond its express terms, they may lead to the inclusion of terms defined by employer representations and employee expectations even if they extend past the language of the plan.

In light of these concepts, the district court's use of South Carolina law was not improper. The court did not use state law to allow a common law action otherwise precluded by ERISA. See Dedeaux, 481 U.S. at 57; Singer, 764 F.2d at 1452. Nor did it apply a state law concept that modifies an ERISA plan by overriding its explicit terms. See Adams, 30 F.3d at 563. Instead, the district court properly drew on South Carolina common law to create federal common law in order to construe the intoxication exclusion as expressly directed by the Plan itself. Id. at 564.

Furthermore, the rule requiring a causal link between an exclusion provision and a loss or injury for a proper denial of recovery does not conflict with ERISA's provisions, because the statute is silent on the matter. Nor is it inconsistent with the congressional purposes of "promot[ing] the interests of employees and their beneficiaries in employee benefit plans and [ ] protect[ing] contractually defined benefits" which underlie ERISA. Adams, 30 F.3d at 564 (internal quotations omitted). To ignore the rule in the present case "would require us to afford less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted" and thus be at odds with Congress's purposes. Bruch, 489 U.S. at 113-14.

_____

**5 See, e.g.**, Glocker, 974 F.2d at 544 (advising that employee benefit plans should be interpreted according to general principles of contract law); Masella v. Blue Cross & Blue Shield of Connecticut, 936 F.2d 98, 107 (2nd Cir. 1991) (finding that adoption of the insurance law principle "contra proferentum" as a federal common law rule in ERISA cases makes sense because to do otherwise would yield results inconsistent with the purposes behind the statute); Kane v. Aetna Life Ins. Co., 893 F.2d 1283, 1285-86 (11th Cir.) (finding common law doctrine of equitable estoppel appropriate for application in some ERISA cases), cert. denied, 498 U.S. 890 (1990).

Montgomery Industries argues that application of the rule defeats the uniformity that ERISA's preemption scheme seeks to achieve. But we have previously rejected the argument that use of state common law will undermine Congress's uniformity goal. See Singer, 964 F.2d at 1453. While the rule applied in the present matter is not universal to all states, see, e.g., Brown v. J.C. Penney Life Ins. Co., 861 S.W.2d 834, 837 (Tenn. Ct. App. 1992); Jefferson Pilot Life Ins. Co. v. Clark, 414 S.E.2d 521, 525 (Ga. Ct. App. 1991), that fact alone fails to establish that the requirement is incompatible with national policies and goals. Other federal courts construing ERISA plans have employed common law insurance principles placing on the insurer the burden of proving that a loss fell within an exclusionary provision. See, e.g., Blair v. Metropolitan Life Ins. Co., 974 F.2d 1219, 1221 (10th Cir. 1992); McGee, 953 F.2d at 1205. The district court acted consistently by applying South Carolina common law here.[6]

For these reasons, we agree with the district court's determination that Montgomery Industries' interpretation of the Plan is unreasonable and find Jenkins entitled to coverage. The judgment is accordingly

AFFIRMED.

_____

[6] Appellants also challenge on appeal the district court's determination that the intoxication exclusion did not comply with South Carolina's statutory requirement of a predominant caption in the health policy. S.C. Code Ann. § 38-71-370. In light of the district court's clarification in its written order that the failure to comply with the statutory requirement "was not the ultimate basis of the court's decision," however, we find it unnecessary to review the determination.

8