**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ZELLA LEARY ALEXANDER; JAMES
COGGINS; JOHN COGGINS;
CARRIE LEARY HARDY; MICHELLE
LEARY,
Plaintiffs-Appellants,

v.

No. 96-2834

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY; A. C.
NEWMAN & COMPANY; STATE
EMPLOYEES ASSOCIATION OF NORTH
CAROLINA, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terence W. Boyle, Chief District Judge.
(CA-95-35-2-BO)

Argued: March 2, 1998

Decided: August 5, 1998

Before ERVIN and NIEMEYER, Circuit Judges, and
BROADWATER, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Randolph Ingram, Asheboro, North Carolina, for
Appellants. William Bernard Reilly, BANNAN, GREEN, SMITH,

FRANK & RIMAC, L.L.P., San Francisco, California, for Appellees. **ON BRIEF:** Joseph M. Rimac, BANNAN, GREEN, SMITH, FRANK & RIMAC, L.L.P., San Francisco, California; Benjamin G. Alford, HENDERSON, BAXTER & ALFORD, P.A., New Bern, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal was taken from a Final Order issued by the United States District Court for the Eastern District of North Carolina on November 7, 1996, granting defendants' motion to dismiss with prejudice the amended complaint against Provident Life & Accident Insurance Company ("Provident") and reiterating its prior dismissal of the claims against A. C. Newman & Company ("Newman") and State Employees Association of North Carolina, Incorporated ("SEANC"). Zella Leary Alexander filed an appeal on behalf of herself and the other children and beneficiaries ("Plaintiffs") of an accidental death group insurance policy issued by Provident and SEANC on the life of Otley Leary, decedent. The district court's dismissal was based on the preemption of state law claims by ERISA. We have reviewed the briefs and record in this case, and we have heard oral argument. We conclude that the decision of the district court was correct. We therefore affirm the judgment for the defendants, not under ERISA preemption principles, but on the merits of the case.

I

On August 1, 1991, Iris Leary, an employee of the State of North Carolina, enrolled in a Group Insurance Plan ("Plan") offered through SEANC by Provident. On her insurance enrollment card, Iris Leary selected the "Member and Family" coverage. On September 14, 1991,

2

Iris Leary's husband, Otley Leary, a retired state employee, enrolled in the Plan. (J.A. at 158-178.) Otley Leary selected the "Member Only" coverage on his insurance enrollment card. [1] Otley Leary's Plan included accidental death insurance coverage for Otley Leary and named Iris Leary and the couple's children as beneficiaries.[2] (J.A. at 158-178.)

Upon Otley Leary's death, Provident paid $80,000 to Iris Leary under her "Member and Family" policy for his death. Provident refused to pay benefits in the amount of $125,000 under Otley Leary's "Member Only" policy, asserting that Otley Leary had improperly completed his enrollment card. Instead, Provident canceled Otley Leary's "Member Only" policy and refunded his premium payments, in the amount of $33.75, to his estate.

Plaintiffs originally filed this action in state court as a breach of contract case, alleging that the defendants failed to pay benefits due them under Otley Leary's "Member Only" policy. Defendants Provident, Newman, and SEANC removed the action to federal district court, asserting that the insurance policy in question was covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1001 et seq. Plaintiffs filed a motion to remand the case to state court that was later denied by the district court. (J.A. at 3, 61-66.) Defendants Newman and SEANC moved to dismiss the

_____

[1] Provident described the "Member Only Plan" coverage as follows: "You may insure yourself for any of the amounts in the Schedule of Benefits shown above." Provident described the "Family Plan" coverage as follows: "If you select this plan, you will be insured for the amount you have chosen as shown in the Schedule of Benefits above, and your spouse and eligible children will be insured for the following: A) Your spouse will be insured for 50% of your Principal Sum, if there are no dependent children; B) Your spouse will be insured for 40% of your Principal Sum, and each dependent child will be insured for 10% of your Principal Sum; C) If you do not have a spouse, each dependent child will be insured for 15% of your Principal Sum." (J.A. at 17-37.)

[2] Iris Leary alleged that she relied on a statement by Margaret Tew, an employee of SEANC and not a party to this action, that it was proper for her to enroll under the "Member and Family Plan" and for Otley Leary to enroll under the "Member Only Plan." (J.A. at 119.)

3

complaint for failure to state a claim.**3** Provident filed an answer asking that Plaintiffs be given leave to amend their complaint to state a claim under ERISA. The district court did not entertain the motion to dismiss filed on Provident's behalf by Newman and SEANC, who were not proper parties to the litigation. The district court dismissed Newman and SEANC with prejudice and ordered Plaintiffs to amend the complaint to state a claim under ERISA.

Plaintiffs' amended complaint reiterated state law claims of negligence, breach of fiduciary duty, and equitable estoppel rather than stating a single claim for relief under ERISA.**4** In their amended complaint, Plaintiffs again named Newman and SEANC as defendants. On November 7, 1996 the district court granted Provident's motion to dismiss the amended complaint with prejudice. The district court dismissed all counts on the grounds that they were preempted by ERISA. The court also again dismissed the Plaintiffs' claims against Newman and SEANC based upon the previous dismissal order.**5**

II

We review the district court's dismissal of Plaintiffs' amended complaint under the de novo standard. Becerra v. Dalton, 94 F.3d 145, 148 (4th Cir. 1996) (citing Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 877 (4th Cir. 1996)); Lone Star Steakhouse and Saloon, Inc. v. Alpha of Virginia, Inc. , 43 F.3d 922, 929 n.9 (4th Cir. 1995). Dismissal is a drastic measure,"not a sanction to be invoked lightly." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)).

_____

**3** The motion to dismiss also alternatively requested Plaintiffs to amend the complaint to state a proper claim under ERISA. (J.A. at 47-52.)
**4** Counts I, II, III, and IV of the amended complaint were based on negligence. Count V was based on either negligence or breach of fiduciary duty. Count VI was based on the doctrine of equitable estoppel.
**5** The district court, in an order dated November 7, 1996, explained that "[p]laintiffs' claims against Newman and SEANC were dismissed with prejudice in this Court's Order of November 10, 1995. Plaintiffs are thereby foreclosed from bringing these claims again. Accordingly, the claims against Newman and SEANC are again DISMISSED WITH PREJUDICE." (J.A. at 239) (emphasis in original).

4

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and that this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Dismissal depends on the "particular circumstances of the case" and is appropriate after the court reviews "(i) the degree of personal responsibility of the plaintiff, (ii) the amount of prejudice caused the defendant, (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. at 95 (citing Chandler Leasing Corp. v. Lopez, 669 F2d. 919, 920 (4th Cir. 1982)).

III

Plaintiffs contend that they have a valid claim under ERISA because the Plan qualified as an employee benefit plan under 29 U.S.C.A. § 1002(1) and because the defendants removed their state action to federal court claiming a federal question under ERISA. Plaintiffs also claim that it is not necessary to cite to ERISA for a complaint to allege a cause of action under ERISA. First, Plaintiffs argue that, because the Plan was governed by ERISA, a fact conceded by defendants when seeking removal to the district court, defendants acknowledged the applicability of the laws of ERISA to the present case, including federal common law. Plaintiffs further assert that under Nolan v. Aetna Life Ins. Co., 588 F.Supp. 1375 (E.D. Mich. 1984), a failure to allege a cause of action under ERISA is not fatal to the cause of action. We agree with Plaintiffs' contentions. Even though the Plaintiffs did not cite to the ERISA statute in their amended complaint, we will treat the case as an ERISA case and decide the issues on the merits.

We organized Plaintiffs' contentions on appeal into four categories: A) Contractual obligations under the ERISA plan; B) Detrimental reliance on oral representations; C) Improper retention of jurisdiction by the district court; and D) Deprivation of property without due process of law.

A. Contractual obligations under the ERISA plan

In reviewing Provident's denial of coverage in the amount of $125,000 under Otley Leary's "Member Only" policy, based upon its

5

assertions that Otley Leary had improperly completed his enrollment card when selecting the "Member Only" coverage, we must interpret the language of the Plan itself to determine whether the denial of coverage was appropriate. When ERISA governs a contract interpretation case, "[f]ederal courts interpret ERISA regulated benefit plans without deferring to either party's interpretation, by`using ordinary principles of contract law [and] enforcing the plan's plain language in its ordinary sense.'" Jenkins v. Montgomery Indus., Inc., 77 F.3d 740, 42 (4th Cir. 1996) (quoting Bailey v. Blue Cross & Blue Shield of Virginia, 67 F.3d 53, 57 (4th Cir. 1995)) (internal citation omitted). When there is ambiguity, "[w]e have held repeatedly that ambiguous language must be construed against the drafter." Bailey, 67 F.3d at 58 (quoting Doe v. Group Hospitalization & Medical Services, 3 F.3d 80, 89 (4th Cir. 1993); Glocker v. W.R. Grace & Co., 974 F.2d 540, 544 (4th Cir. 1992)). In determining as a matter of law that a contract is ambiguous, we "may examine evidence extrinsic to the contract." Bailey, 67 F.3d at 58.

Most of Plaintiffs' claims in the amended complaint derive from the interpretation of language in the insurance enrollment card under the Plan. This language states as follows:

> Please Note: If husband and wife are both members, each may select the Member Only Plan or one may select the Family Plan (which includes coverage to spouse and children). The named insured will be beneficiary for spouse coverage and for dependents coverage.

(J.A. at 17.)

Plaintiffs argue in their appellate brief that, because this language is susceptible to multiple meanings, the language is ambiguous and should be construed against SEANC and Provident and in favor of the Plaintiffs. We disagree. The Plan provides unambiguous limitations that prohibit duplicate coverage for family members. In a letter dated August 20, 1992, addressed to Iris Leary, Charles S. Beach ("Beach"), Newman's Executive Vice President, stated that the"purpose of the notice on the Enrollment Card is to avoid multiple coverages for the same individual under one policy." (J.A. at 181.) In a second letter also dated August 20, 1992, addressed to Zella Leary Alexander,

6

Beach explained that because Iris Leary selected the "Member and Family Plan," Otley Leary was not eligible for coverage under his "Member Only" policy, as he already had coverage under Iris Leary's policy as a dependent. (J.A. at 182.) Beach referred to the language of the Plan's enrollment card and the Plan's brochure to reiterate Otley Leary's ineligibility for double coverage as an employee under his "Member Only" coverage and as a dependent under Iris Leary's "Member and Family" coverage.

Section III of the Plan's brochure, titled "Eligibility and Termination Coverage," states, in relevant parts: "The term Dependent means (a) your spouse . . . . The term Dependent will not include any person who is eligible for coverage as an Employee." (J.A. at 163.) It is undisputed that when Otley Leary enrolled in the "Member Only" policy on September 14, 1991, he was already a dependent under Iris Leary's "Member and Family" policy. (J.A. at 158 and 179).[6] Therefore, Otley Leary could not be eligible for coverage as a retired employee under his "Member Only" policy because he was already insured as a dependent under Iris Leary's "Member and Family" policy and because the Plan clearly prohibits duplicate coverage for family members. Since Otley Leary's "Member Only" coverage was invalid under the Plan's limitations, Newman, as the Plan administrator for Provident, acted correctly when it canceled Otley Leary's coverage under the "Member Only" policy and returned the premiums deducted in error to Otley Leary's estate. (J.A. at 181, 183.)

B. Detrimental reliance on oral representations

Plaintiffs next contend that Margaret Tew ("Tew"), an employee of SEANC in charge of insurance, made oral representations that conflicted with the written terms of the Plan. (J.A. at 119.) Plaintiffs allege that Iris Leary detrimentally relied upon the representations of Tew made on November 12, 1991, that the "Member Only" coverage for which Otley Leary enrolled was authorized under the Plan. Plain-

_____

[6] On August 1, 1991, Iris Leary enrolled in the Plan as an employee of the state of North Carolina. As a retired employee of the state of North Carolina, Otley Leary was eligible to enroll in the Plan, which allows active and retired dues-paying members of SEANC to enroll. (J.A. at 161.)

tiffs further assert that this reliance amounted to equitable estoppel and that Tew's oral assurances that both "Member Only" and "Member and Family" coverages were allowed under the Plan constitute an estoppel to any denial of coverage. As a consequence, Plaintiffs argue that the defendants should be held liable under the policy for which Plaintiffs were beneficiaries. Plaintiffs maintain that the principles of the federal common law of equitable estoppel create an avenue of recovery for plaintiffs in ERISA cases. Plaintiffs rely on our holding in Elmore v. Cone Mills Corp., 23 F.3d 855 (4th Cir. 1994), that is inapposite to the present controversy. In Elmore ,

> [T]his court, sitting en banc, addressed the question of whether estoppel principles could be used to bind a plan fiduciary to oral modifications made before terms of the plan were written down and became binding. The plan at issue in Elmore was adopted subsequent to the contract that formed the basis for the plaintiff's estoppel claim. Thus, the alleged beneficiaries in Elmore did not seek to alter a pre-existing ERISA plan, they merely asked that a contract entered into prior to the ERISA plan's adoption be given binding effect. . . . In Coleman v. Nationwide Life Ins. Co., we held that estoppel principles cannot be used to effect a modification of an existing ERISA benefit plan. In such a case, adoption of an estoppel theory "would require this court to rewrite the contract of insurance."

HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996) (emphasis added, internal citations omitted).

Thus, Elmore is distinguishable on its facts from the present controversy. Here, Plaintiffs wish to apply estoppel principles to oral representations Tew allegedly made on November 12, 1991 to modify a pre-existing ERISA Plan that was entered on September 1, 1991. (J.A. at 119, 158.) Unlike Elmore, where plaintiffs "did not seek to alter a pre-existing ERISA plan [but] merely asked that a contract entered prior to the ERISA plan's adoption be given binding effect," Plaintiffs seek to modify an unambiguous pre-existing Plan. HealthSouth, 101 F.3d at 1010. Because the en banc panel was evenly divided, "Elmore carries no precedental weight." Id. at 1010. Therefore, Plaintiffs' reli-

8

ance on Elmore is misplaced. Thus, we reject Plaintiffs' claim of equitable estoppel based on Tew's subsequent oral representations that conflicted with the written terms of the Plan.

C. Improper retention of jurisdiction by the district court

Plaintiffs next allege that the district court erred by failing to remand the matter to state court. Under Section 502(e) of ERISA, 29 U.S.C.A. § 1132(e), state and federal courts have concurrent jurisdiction over individual claims for benefits under an ERISA plan, or to enforce rights under an ERISA plan. Federal district courts have exclusive jurisdiction over all other claims authorized by Section 502 of ERISA, 29 U.S.C.A. § 1132(e)(1). Therefore, the district court properly retained jurisdiction. In addition, claims filed in state court can be removed to federal court any time the state law cause of action is preempted by ERISA. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Finally, even though Plaintiffs had the option of filing an ERISA action in state court, the Defendants had an absolute right to remove such action to federal court. Id.

D. Deprivation of property without due process of law

Plaintiffs raise an additional argument on appeal, that they were deprived of property interest without due process of law. Plaintiffs did not raise any constitutional issue before the district court. Because no showing of exceptional circumstances was made, we decline to consider this issue on appeal. See United States v. One 1971 Mercedes Benz 2-Door Coupe, 542 F.2d 912 (4th Cir. 1976); United States v. Chesapeake & Ohio Ry. Co., 215 F.2d 213 (4th Cir. 1954).

IV

Accordingly, this Court concludes that the district court did not err in finding that Plaintiffs were not entitled to accidental death benefits under Otley Leary's "Member Only" Plan offered through SEANC by Provident. For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

9