**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOAN H. COX, Individually and as
Widow and Personal Representative
of the Estate of Brian J. Cox,
deceased,

*Plaintiff-Appellee,*

v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY,

*Defendant-Appellant.*

No. 01-2294

JOAN H. COX, Individually and as
Widow and Personal Representative
of the Estate of Brian J. Cox,
deceased,

*Plaintiff-Appellant,*

v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY,

*Defendant-Appellee.*

No. 01-2382

JOAN H. COX, Individually and as
Widow and Personal Representative
of the Estate of Brian J. Cox,
deceased,

*Plaintiff-Appellee,*

v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY,

*Defendant-Appellant.*

No. 01-2506

JOAN H. COX, Individually and as
Widow and Personal Representative
of the Estate of Brian J. Cox,
deceased,

*Plaintiff-Appellant,*

v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY,

*Defendant-Appellee.*

No. 02-1027

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-01-423-A)

Argued: June 4, 2002

Decided: August 13, 2002

Before WILKINSON, Chief Judge, WILKINS, Circuit Judge, and
Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Joshua Bachrach, RAWLE & HENDERSON, Philadelphia, Pennsylvania, for Appellant. Patrick Michael Regan, REGAN, HALPERIN & LONG, P.L.L.C., Washington, D.C., for Appellee. **ON BRIEF:** Edward J. Longosz, II, ECKERT, SEAMANS, CHERIN & MELLOTT, Washington, D.C., for Appellant. Thanos Basdekis, REGAN, HALPERIN & LONG, P.L.L.C., Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Reliance Standard Life Insurance Company (Reliance) appeals a district court order granting summary judgment to Joan Cox (Joan) on her claim for accidental death benefits arising out of the death of her husband, Brian. Finding no error, we affirm.

I.

Brian was employed by the law firm Morgan Lewis & Bockius (Morgan Lewis) in Washington, D.C. Reliance issued Morgan Lewis a group accident loss insurance policy ("the Policy") that provided coverage to Morgan Lewis' employees. Brian named Joan as his beneficiary under the Policy.

At approximately 10:30 p.m. on December 11, 1997, the Coxes left a holiday party, where Brian had been drinking. An argument on their

trip home escalated into a physical assault by Brian upon Joan that continued after the Coxes reached their residence. Upon reaching their destination, Brian exited the vehicle and Joan drove away, leaving him without keys to the residence. Brian gained entry into his residence by breaking a kitchen window. After doing so, he proceeded upstairs and went to bed with a loaded rifle in the bed with him.

Unbeknownst to Brian, a neighbor heard the breaking glass and alerted the Prince William County Police. Upon their arrival on the scene, officers discovered the broken kitchen window and suspected a burglary. Once a canine unit arrived, the officers entered the residence with the dogs, loudly announcing their presence. The officers found Brian on the second floor in bed, apparently asleep. When they tried to awaken him by touching his foot, he sat up suddenly, grabbed his rifle, and pointed it at one of the officers. When Brian continued to point the rifle after being ordered to raise his hands in plain view, the officers shot and killed him.

Joan subsequently sought accidental death benefits under the Policy. In investigating Joan's claim, Reliance inquired of a state prosecutor whether Brian's actions constituted a felony under Virginia law. The prosecutor answered that "it would be impossible to determine" whether Brian committed a felony. J.A. 643. When he was later asked specifically whether Brian had committed the felony of assault on a law enforcement officer, the prosecutor answered that that "would depend upon his intentions when he brandished the firearm and whether or not he knew that the people who shot him were in fact officers[.]" *Id.* at 644. Reliance thereafter denied Joan's claim based on application of a provision of the policy excluding coverage for a loss arising out of the commission of the felony by the insured.

Joan brought suit in federal court, alleging state law causes of action against Reliance for breach of contract and arbitrary, bad faith denial of her claim. Reliance subsequently moved to dismiss the state law claims on the ground that they were preempted by the Employee Retirement Income Security Act (ERISA) of 1974, *see* 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2002). The district court agreed, and Joan filed an amended complaint alleging an ERISA claim.

Joan moved for summary judgment in September 2001. Applying a modified abuse of discretion standard of review to Reliance's denial

of benefits, and limiting its review to the administrative record, the district court ruled as a matter of law that Reliance abused its discretion and awarded Joan $250,000.00 in benefits plus $50,245.45 in attorneys' fees.

## II.

### A.

Reliance argues that the district court erred in granting summary judgment to Joan. Reliance admits that the district court properly applied a modified abuse of discretion standard and that the court was limited to the evidence in the administrative record. Nevertheless, Reliance maintains that the district court erred in concluding that Reliance abused its discretion in determining that the felony exclusion barred Joan's claim. We disagree.

We review an order granting summary judgment de novo. *See Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 190 F.3d 252, 255 (4th Cir. 1999). Applying the modified abuse of discretion standard,[1] we must determine whether the administrator's decision "is consistent with an exercise of discretion by a fiduciary acting free of the interests that conflict with those of the beneficiaries." *Ellis v. Metro. Life Ins. Co.*, 126 F.3d 228, 233 (4th Cir. 1997) (internal quotation marks omitted). Reliance contends that Brian committed the felony of assaulting another person "knowing or having reason to know that such other person is a law-enforcement officer." Va. Code Ann. § 18.2-57(C) (Michie Supp. 2001). Reliance bore the burden of establishing that Brian committed this felony. *See Jenkins v. Montgomery Indus.*, 77 F.3d 740, 743 (4th Cir. 1996).

We conclude that no reasonable administrator could have concluded that Brian knew or had reason to know that the men in his bedroom were law enforcement officers. The evidence in the administrative record indicated that Brian was asleep until one of the

---

[1]Because we reject Reliance's argument, we do not consider Joan's assertions that the district court should have reviewed the benefits decision de novo and considered some evidence not contained in the administrative record.

officers touched his foot, and apparently only a few seconds passed between the time Brian was awakened to the time he was shot. No evidence in the administrative record even suggests that in those few seconds the officers identified themselves or that the bedroom was lit sufficiently for Brian to see the officers. Rather, it appears from the administrative record that the most Brian could have learned about the men in his bedroom was that they wanted him to put his rifle down. Because this information was clearly insufficient to give Brian reason to know that the men in his bedroom were law enforcement officers, we conclude that Reliance's application of the felony exclusion constituted a clear abuse of discretion.[2]

B.

Reliance contends that even if the felony exclusion does not apply, it properly denied Joan's claim on the ground that Brian's death was not an accident. The district court rejected this argument, ruling that Reliance did not provide this reason in its denial letter to Joan. We agree with the district court.

ERISA requires a plan administrator to give a claimant the "specific reasons" for the denial of benefits and to afford the claimant a reasonable opportunity for "a full and fair review" of the denial. 29 U.S.C.A. § 1133; *see Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 157 (4th Cir. 1993). "[S]ubstantial compliance with the spirit of [this requirement] will suffice." *Ellis*, 126 F.3d at 235. Substantial compliance exists, however, only when "the claimant is provided with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review." *Id.* (internal quotation marks omitted). On the other hand, "[a] *post hoc* attempt to furnish a rationale for a denial of . . . benefits in order to avoid reversal on

---

[2]Reliance contended at oral argument that had the men been burglars, they simply would have shot Brian rather than ask him to put down his weapon. We question both this conclusion and whether it would have been immediately apparent to a person startled out of his sleep by intruders in his bedroom. In any event, the administrative record does not reflect whether Brian knew that the men in his bedroom were armed.

appeal" is not acceptable. *Short v. Cent. States, S.E. & S.W. Areas Pension Fund*, 729 F.2d 567, 575 (8th Cir. 1984).

Reliance did not give any indication in its denial letter that the denial was based in part on a determination that Brian's death was not accidental. The denial letter sets out the policy language applicable to the claim, including that "[t]he loss must be caused solely by an accident which occurs while the person is insured [and] must occur within 365 days [from] the date of the accident." J.A. 726. The letter then describes the felony exclusion, the facts of the incident, and the Virginia law making it a felony to assault a police officer, before concluding as follows:

> In accordance with the above criminal code, Mr. Cox was in the commission of a felony by his actions that evening. He [assaulted] law enforcement officers with a weapon while they were in the performance of their duties (responding to an alleged burglary at your residence). As Mr. Cox was in the commission of a felony at the time of his demise, this loss is not covered under the terms and provisions of [the Policy] and is excluded from recovery of this benefit. *Moreover, the manner of this loss is excluded under the terms of this policy as stated above.*
>
> As this loss is not covered in accordance with the policy Exclusion quoted above, this claim for accidental death benefits must be denied.

*Id.* at 727 (emphasis added).

Reliance focuses on the emphasized sentence and argues that the letter notified Joan that one ground for denial was that the loss did not even fall within the general coverage provisions because it was not the result of an accident. We disagree. It is impossible to say what Reliance intended to convey with this cryptic sentence, but the sentence, like the rest of the paragraph, appears to pertain to an otherwise covered loss that is "excluded" under the policy terms, not one that does not fall within the general coverage provisions. Indeed, the next sentence, which appears to serve as a conclusion to the previous paragraph, refers only to "the policy Exclusion." Accordingly, the district

court correctly ruled that Reliance has waived the right to argue that Brian's death did not come within the general coverage provisions.[3]

### III.

In sum, we conclude that the district court properly granted summary judgment to Joan on her ERISA claim.

*AFFIRMED*

---

[3]Upon consideration, and having had the benefit of briefs and oral argument, we reject the parties' remaining claims. We also grant Reliance's motion to strike Joan's reply brief.