**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2013

LYON SHIPYARD 401(K) PLAN,

Plaintiff - Appellee,

and

ANGELA JONES,

Defendant - Appellee,

v.

MINWER H. SUBEH, TRUSTEE OF THE LONNIE E. JONES REVOCABLE
LIVING TRUST AGREEMENT; MINWER H. SUBEH,

Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at
Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (2:18-cv-00124-HCM-DEM)

Submitted:  September 25, 2020                    Decided:  November 2, 2020

Before DIAZ and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Morris H. Fine, FINE, FINE, LEGUM & MCCRACKEN LLP, Virginia Beach, Virginia,
for Appellants.  Anne Bibeau, VANDEVENTER BLACK, LLP, Norfolk, Virginia; Sarah

C. Black, LEGAL AID SOCIETY OF EASTERN VIRGINIA, Norfolk, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from an interpleader action filed by the Lyon Shipyard 401(k) Plan ("Plan"), seeking to resolve competing claims to funds from an employee benefit plan. After the death of the plan's participant ("Decedent"), competing claims were made to the plan funds by Decedent's wife, Angela Jones ("Jones"), and the Decedent's longtime friend, Minwer H. Subeh ("Subeh"), acting both individually and in his capacity as Trustee of the Lonnie E. Jones Revocable Living Trust Agreement. After granting the Plan's request for interpleader relief, the district court granted summary judgment in favor of Jones and against Subeh with respect to their competing claims to the plan funds, concluding that Jones' marriage to Decedent could not be invalidated after Decedent's death and therefore entitled her to the disputed funds. Subeh appealed the district court's summary judgment order.[*] Having reviewed the record, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[*] Although Subeh noted his appeal from an interlocutory order, we conclude that we have jurisdiction over this appeal in view of the district court's subsequent final judgment. *See Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018) (discussing cumulative finality doctrine); *Banque Paribas v. Hamilton Indus. Int'l, Inc.*, 767 F.2d 380, 383 (7th Cir. 1985) (addressing Fed. R. Civ. P. 54(b) certification in interpleader action).

On appeal, Subeh contends that the district court erred in concluding that Jones' marriage to Decedent could not be collaterally attacked after his death on the ground that Decedent lacked mental capacity to marry. Initially, although the parties both relied on Virginia law in arguing their respective positions in the district court, Subeh now contends that federal common law applies to the dispute, as it involves a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461. It is well established that, "absent exceptional circumstances, we do not consider issues raised for the first time on appeal." *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (alteration and internal quotation marks omitted). "When a party in a civil case fails to raise an argument in the lower court and instead raises it for the first time before us, we may reverse only if the newly raised argument establishes fundamental error or a denial of fundamental justice." *Id.* (internal quotation marks omitted). Our review convinces us that Subeh has not made the requisite showing to warrant initial consideration of the issue at this late juncture. *See Jenkins v. Montgomery Indus., Inc.*, 77 F.3d 740, 743-44 (4th Cir. 1996) (recognizing that, in developing federal common law governing ERISA disputes, federal courts may apply state law so long as it is compatible with policies underlying ERISA).

Concluding that Virginia law governs the dispute before us, we readily conclude that the district court did not err in declining to consider Subeh's collateral attack on Jones' marriage to Decedent. Under clear and longstanding Virginia law, if either party to a marriage is mentally incompetent at the time the marriage is solemnized, the marriage is voidable, not void ab initio. *See* Va. Code Ann. § 20-45.1(b) (2014); *Cornwall v. Cornwall*, 168 S.E. 439, 442 (Va. 1933). "A voidable marriage differs from a void

4

marriage in that it may be afterwards ratified by the parties and become valid and usually is treated as a valid marriage until it is decreed void." *Toler v. Oakwood Smokeless Coal Corp.*, 4 S.E.2d, 364, 367 (Va. 1939) (internal quotation marks omitted). Unlike a void marriage, a voidable marriage cannot be collaterally attacked after a spouse's death. *Alexander v. Kuykendall*, 63 S.E.2d 746, 748-49 (Va. 1951); *Toler*, 4 S.E.2d at 367. Because Jones' marriage to Decedent never was declared void during Decedent's lifetime, it remains valid, even if he lacked capacity as Subeh contends. *See Marblex Design Int'l, Inc. v. Stevens*, 678 S.E.2d 276, 279-80 (Va. Ct. App. 2009). Subeh's policy dispute with this authority does not permit us to rewrite longstanding Virginia law. Thus, Decedent's alleged mental incapacity is not material to Jones' and Subeh's competing claims to the disputed funds. *See Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020) (defining material fact as one that "might affect the outcome of the case" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5